## PAYNE, KENNEDY & Co. vs. M. A. & B. MYRICK.

In this case Judge MAYO held :

1. A married woman, whether separated in property or not, can only be held liable for such debts as are affirmatively proved to have enured to her separate benefit, and the burden of proof cannot be shifted, no matter what the form of her obligation, even though it be a negotiable instrument in the hands of innocent third persons. 31 An. 1023 ; 5 An. 173 ; 28 An. 759 ; 29 An. 123.

2. Although the wife work a plantation and contract for supplies, and authorize her husband to draw drafts, and affirm and

ratify his acts, she will not be held liable for drafts drawn by herself or her agent in payment of her husband's debts.    The doctrine of estoppel does not apply to married women.

3.    Where the wife gives a note in advance for supplies, and the factors discount said note and credit her with the proceeds, it cannot be said that the wife has *funds* in her factors' hands. The discount of the note and the credit for its proceeds are pure fictions, which in nowise change the liability of the wife.

4.    Said note is a mere voucher, a collateral security, which the factors have no right to negotiate.    Their claim against the wife is based on their account, and their suit is practically a suit on an account, not for a balance due on the note.

5.    Unless there is a written agreement, showing that the eight per cent. interest stipulated in the note was intended to apply to the account, no more than five per cent. can be recovered on the latter.    By no device or shift, which the wit of man can invent, can more interest be taken than that which the law permits.    9 R. 125;   12 R. 273;   11 An. 633;   12 An. 15;   21 An. 279;  23 An. 201.

6.    The commissions charged for endorsing the note given as collateral security, and the discount thereon, must be stricken from the account, and the same must be settled as if no note had been given.

Judge FARMER held:

1.    Where a commission merchant agrees to furnish or advance a certain amount of money and supplies to a married woman, and receives her note and gives her credit for the proceeds, she has funds in his hands which answer the same purpose as " cash," and if she, by herself or through her agent, pays the debts of her husband out of that " cash," she cannot recover the same back from the commission merchant and thereby make him pay her twice.    Courtney vs. Davidson, 6 An. 455;  14 An. 421;   2 An. 1;   10 An. 433; 29 An. 752.    The wife's incapacity to contract must not be extended by the Court. The law nowhere prohibits married women from paying their husband's debts.

2.    Where the wife specially empowers her husband to draw drafts as her agent, and instructs her commission merchants to honor and pay all his drafts without reservation, and he draws drafts to pay his own debts, which are paid in the usual course of business, in good faith and in obedience to her instructions, she is bound therefor.    If she has employed an unfaithful agent, it is her misfortune and not that of those who have dealt with him in good faith and within the scope of his authority.    6 R. 97;  13 An. 529;  4 An. 19;  10 R. 164;  7 R. 406.

3.    A married woman who receives accounts current without objection, ratifies their correctness by silence.    6 L. 587;  11 L. 288;  2 R. 1;  6 R. 284;  12 An. 24, 159;  5 An. 522;  10 An. 724.

4.    It is " commercial usage " for factors to take a note from their customers and discount the same; such a note is not a

mere collateral security, but is a real obligation which may be negotiated or sued on, and the maker thereof is bound for the interest and the discount, whether the same was actually discounted or not. The contract is equivalent to a sale of the note to the commission merchant; the discount is embraced in the face of the note, and no question of usury can arise with reference to the rate of discount charged. C. C. 2924; 26 An. 331; 29 An. 685. The rate of interest stipulated in the note should be charged in the balance of account from the date said note fell due.

5. If I should adhere rigidly to my own opinion, the judgment of the District Court would stand affirmed under Art. 101, of the Constitution, which would do the plaintiffs a greater injustice than for me to concur in the conclusion of Judge Mayo. As a choice, therefore, between two judgments, from both of which I dissent, I concur in the decree prepared by my associate, not that I approve of his reasoning and conclusion, but that I disapprove those of the District Court more. (N. B.—The judgment of the District Court was in favor of defendant, rejecting plaintiffs' entire demand and giving judgment in reconvention for $140. The decree of Judge Mayo was in favor of plaintiffs for $164.37, with five per cent. interest, and rejecting the reconventional demand. Judge Farmer thought plaintiffs should recover about $440, with eight per cent. interest).